UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>    v.<br><br>RIGOBERTO ALVARADO GUIZAR,<br><br>    Petitioner. | NO. CR-01-6013-EFS<br>[NO. CV-05-5014-EFS]<br><br>**ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE SENTENCE** |

BEFORE THE COURT without oral argument is Petitioner Rigoberto Alvarado Guizar's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Habeas Petition"), (Ct. Rec. 125). Mr. Guizar has also requested an evidentiary hearing pursuant to § 2255, (Ct. Rec. 133). After reviewing the submitted material and relevant authority, the Court is fully informed and **denies** Petitioner's Habeas Petition and **denies** Petitioner's request for an evidentiary hearing.

## I. Background

In his May 15, 2001, Indictment, Mr. Guizar was charged with (1) conspiracy to distribute over 500 grams of a mixture and substance containing a detectable amount of methamphetamine and (2) possession with intent to distribute over 500 grams of a mixture or substance containing a detectable amount of methamphetamine. (Ct. Rec. 7.) Mr. Guizar's

ORDER ~ 1

original trial, which completed on November 1, 2001, resulted in a hung jury. (Ct. Rec. 56.) In Mr. Guizar's subsequent retrial, a guilty verdict was rendered on February 13, 2002. (Ct. Rec. 85.) Thereafter, Mr. Guizar was sentenced to 188 months imprisonment. (Ct. Rec. 106.)

During the retrial, co-Defendant Alvaro Cordova-Ayala testified as a Government witness about statements made by co-Defendant Cristobal Fernandez. (Ct. Rec. 127-3 at 25-34.) Co-Defendant Cordova-Ayala asserted he never discussed the drug conspiracy with Mr. Guizar, and could only testify as to co-Defendant Fernandez's interactions with Mr. Guizar. (Ct. Rec. 127-3 at 34.) During the course of the retrial, Mr. Guizar stipulated the substance seized on May 10, 2001, weighed 2104 grams and contained 610.1 grams of pure methamphetamine. (Ct. Rec. 81; Ct. Rec. 127-2.)

While preparing for appeal, Mr. Guizar asked his attorney, Mr. Alden, to amend the opening brief to include argument not initially raised. (Ct. Rec. 125-3 at 1-3.) Although Mr. Alden initially resisted Mr. Guizar's requests, he eventually amended the brief to include Mr. Guizar's arguments. (Ct. Rec. 125-3 at 7.) Subsequently, the Ninth Circuit affirmed Mr. Guizar's conviction and sentence. Thereafter, Mr. Guizar contacted Mr. Alden several times to discuss a new arguements based on the Supreme Court's ruling in *Crawford v. Washington*, 124 S. Ct. 1354 (2004), which Mr. Guizar wished to use to apply for a writ of *certiorari*. On September 7, 2004, Mr. Alden advised Mr. Guizar that his *Crawford* argument was without merit and that he would not appeal the issue to the Supreme Court on Mr. Guizar's behalf. Subsequently, Mr. Guizar filed this Habeas Petition on February 2, 2005.

ORDER ~ 2

**II. Analysis**

**1.   Federal Habeas Appeals**

Under 28 U.S.C. § 2255, a federal prisoner in custody may attack a sentence on the grounds such sentence was imposed in violation of the federal Constitution or law, the court did not have jurisdiction to impose such a sentence, the sentence was in excess of the maximum authorized by law, and/or otherwise subject to collateral attack.  In order to attack his sentence, the petitioner must file a § 2255 habeas petition within one year of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

With regard to subsection (1), the United States Supreme Court has ruled a conviction is final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for *certiorari* elapsed or a petition for certiorari finally denied." *Griffith v. Kent.*, 479 U.S. 314, 321 n.6 (1987).  The United States Supreme Court has clarified, "for the purpose of starting the clock on § 2255's one-year limitation period, . . . a judgment of conviction becomes final when the time expires for filing a petition for *certiorari* contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003).  United

ORDER ~ 3

States Supreme Court Rule 13 provides that "a petition for a writ of *certiorari* to review a judgment in any case . . . is timely when it is filed with the Clerk of [the Supreme] Court within 90 days after entry of the judgment." *Id*.

On March 22, 2004, the Ninth Circuit affirmed Mr. Guizar's conviction and resulting sentence. Mr. Guizar did not appeal the Ninth Circuit's decision. Accordingly, the Court finds the statute of limitations for Mr. Guizar to file his § 2255 habeas petition began running on June 20, 2004 – 90 days following the entry of the Ninth Circuit's judgment. Thus, because Mr. Guizar's Habeas Petition was filed on February 2, 2005, which was less than one year after June 20, 2004, his Habeas Petition is timely under 28 U.S.C. § 2255.

### 2.  Ineffective Assistance of Counsel

Mr. Guizar raises several issues with regard to Mr. Alden's performance as defense counsel during trial and on appeal, which Mr. Guizar believes resulted in ineffective assistance of counsel. Specifically, Mr. Guizar contends Mr. Alden: (1) did not mount "an individualized defense or zealously advocate his client's cause during trial or during the appeal process," (2) presented a deficient appellate brief without several of the positions Mr. Guizar felt were necessary for his defense, and (3) failed to challenge the admission of Mr. Cordova-Ayala's testimony as to statements of a co-Defendant Fernandez. (Ct. Rec. 125-2 at 5-6.)  In response, the Government asserts that Mr. Guizar mischaracterizes the efforts of his attorney and fails to identify an important exception to the inadmissability of testimonial hearsay which applied co-Defendant Cordova-Ayala's testimony.

The right to effective assistance of counsel in criminal proceedings is bestowed by the Sixth Amendment.  This right is violated when defense counsel's performance falls below an objective standard of reasonableness and the criminal defendant is prejudiced by such deficiency.  *Strickland v. Wash.*, 466 U.S. 668, 687 (1984).  Counsel's decisions are "examined according to what was known and reasonable at the time the attorney made his choices."  *Hendricks v. Caleron*, 70 F.3d 1032, 1036 (9th Cir. 1995).  Moreover, the selection of the theory of a case is a strategic decision.  Accordingly, a court must defer to defense counsel's decision if it was within the range of reasonable professional assistance.  *See Lang v. Callahan*, 788 F.2d 1416 (9th Cir. 1986);  *United States v. Ferreira-Alameda*, 804 F.2d 543, 546 (9th Cir. 1986).  A criminal defendant is prejudiced if there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.

Although Mr. Guizar contends Mr. Alden neither zealously represented him nor presented an individualized defense, the Court finds the case's record demonstrates the opposite.  At trial, Mr. Alden aggressively challenged the Government's case, especially through an extensive cross-examination of the Government's key witness, co-Defendant Cordova-Ayala. During that cross-examination, Mr. Alden attempted to discredit co-Defendant Cordova-Ayala's testimony through the presentation of past lies and by eliciting the benefits he was to receive for testifying. Additionally, Mr. Alden individualized the defense by presenting Mr. Guizar's version of the facts through his examinations of the various witnesses called in the case by the Government and Mr. Guizar.

ORDER ~ 5

On appeal, Mr. Alden and Mr. Guizar disagreed over the content of the appellate brief, but Mr. Alden did eventually accede to Mr. Guizar's requests and included Mr. Guizar's arguments in a supplemental brief. Those arguments, as well as the arguments raised by Mr. Alden, were rejected by the Ninth Circuit in an unpublished opinion affirming Mr. Guizar's conviction and sentence. *United States v. Alvarado-Guizar*, 91 Fed. Appx. 589 (9th Cir. 2004). In light of the demonstrative evidence of Mr. Alden's defense, as well as his inclusion of Mr. Guizar's arguments in the supplemental appellate brief, the Court finds Mr. Alden's efforts as defense counsel did not fall below the objective standard of reasonableness and Mr. Guizar was not prejudiced.

Additionally, Mr. Guizar asserts, under a new standard established in the 2004 *Crawford* opinion, that the admission of co-Defendant Cordova-Ayala's testimony regarding the statements of co-Defendant Fernandez, who was not present for trial, should be ruled improper on retroactive review. The previous governing standard for out-of-court testimonial statements held they may be admitted so long as the witness is unavailable and the statements have an "adequate indicia of reliability," *i.e.* the court finds the statements bear "particularized guarantees of trustworthiness." *Ohio v. Roberts*, 448 U.S. 56, 66 (1980).

The Ninth Circuit did not cite *Roberts* in affirming the admission of co-Defendant Cordova's testimony of co-Defendant Fernandez's statements. Rather, the Ninth Circuit, citing Federal Rule of Evidence 801(d)(2)(E), held that "a statement is not hearsay if it is the statement of a co-conspirator made during the course of, and in furtherance of, the conspiracy." *Alvarado-Guizar*, 91 Fed. Appx. at 590.

ORDER ~ 6

Moreover, the Ninth Circuit's holding in *Alvarado-Guizar* does not conflict with *Crawford*. While the Supreme Court in *Crawford* ruled the Confrontation Clause required a defendant have the opportunity to cross-examine witnesses before testimonial hearsay could be admitted against him, it provided two exceptions to that rule. *Crawford*, 124 S. Ct. at 1374. These exceptions specifically excluded from the definition of "testimonial" such hearsay evidence as "business records [and] *statements in furtherance of a conspiracy*." *Id*. at 1367 (emphasis added). Thus, the Court finds the admission of co-Defendant Cordova-Ayala's testimony about the statements of co-conspirator Fernandez was admissible, despite the Supreme Court's ruling in *Crawford*.

In sum, Mr. Guizar has failed to demonstrate ineffective assistance of counsel and further, has failed to identify a *Crawford* error. Because courts are to be highly deferential to defense counsel's stragtegic choices and not subject defense counsel to the distorting effects of hindsight, the Court denies Mr. Guizar's claim for ineffective assistance of counsel. *See Bonin v. Calderon*, 59 F.3d 815, 833 (9th Cir. 1995) ("'[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable processional assistance' . . . . [also, a court] 'will neither second-guess counsel's decisions, nor apply the fabled twenty-twenty vision of hindsight'").

**3.  Sentencing**

**a. Drug Quantity Determination**

Mr. Guizar claims an *Apprendi v. New Jersey*, 530 U.S. 466 (2000), error occurred during sentencing in violation of his Constitutional rights. The Supreme Court in *Apprendi* held that "[o]ther than the fact

ORDER ~ 7

of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id*. at 490. Mr. Guizar was charged with (1) conspiracy to distribute over 500 grams of a mixture and substance containing a detectable amount of methamphetamine and (2) possession with intent to distribute over 500 grams of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The statutory maximum terms of imprisonment for both offenses are life imprisonment. *Id.* at § 841(b)(1)(A).

In order for the penalties described under 21 U.S.C. § 841(b)(1)(A) to apply, the jury need only find the controlled substance at issue was a mixture and substance containing a detectable amount of methamphetamine in excess of 500 grams. In this case, the jury not only made such findings, (Ct. Recs. 85 & 86), but Mr. Guizar himself stipulated to the amount, purity, and type of drug seized, (Ct. Rec. 81 and 127-2). Therefore, since Mr. Guizar was sentenced to a term of imprisonment below the prescribed statutory maximum of life imprisonment under 21 U.S.C. § 841(b)(1)(A), the Court finds an *Apprendi* error did not occur. Furthermore, even if Defendant were to have been sentenced under 21 U.S.C. § 841(b)(1)(C), which limits the term of imprisonment is twenty years, rather than under 21 U.S.C. § 841 (b)(1)(A), Mr. Guizar is unable to demonstrate any prejudice because his imposed period of incarceration, 181 months, is below the twenty year maximum as well.

///

///

ORDER ~ 8

### b.   *Blakely* and *Booker* Issues

Mr. Guizar asserts the Supreme Court rulings in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005), should apply retroactively to his claim this Court's drug quantity finding during sentencing was not appropriate, as it was not based on a determination of the jury beyond a reasonable doubt.  (Ct. Rec. 125-2 at 19.)

Mr. Guizar's *Blakely* and *Booker* arguments are foreclosed by the Ninth Circuit's recent opinions in *Cook v. United States*, 386 F.3d 949, 905 (9th Cir. 2004) and *United States v. Cruz*, 2005 WL 2243113 (9th Cir. September 16, 2005).  In the *Cook* and *Cruz* cases, the Ninth Circuit respectively held the Supreme Court's rulings in *Blakely* and *Booker* do not apply retroactively to cases in which the conviction was final as of the dates *Blakely* and *Booker* were decided.  Here, because Mr. Guizar's conviction became final on June 20, 2004, a date prior to the Supreme Court's rulings in *Blakely* (June 24, 2004) and *Booker* (January 12, 2005), his Blakely and Booker arguments are moot.

### 5.   Evidentiary Hearing

Mr. Guizar requests an evidentiary hearing be held to allow him the opportunity to present his claims before the Court "in order to avert a miscarriage of justice."  (Ct. Rec. 133 at 2).  In making his request, Mr. Guizar cites the issues discussed above as creating the necessary basis for such a hearing.

Under 18 U.S.C. § 2255, the court shall hold an evidentiary hearing on a petitioner's motion "unless the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id*.  The

ORDER ~ 9

standard for holding an evidentiary hearing is whether "the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States. v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir.1984)). However, the Ninth Circuit has also provided that "[m]erely conclusory statements in a § 2255 motion are not enough to require a hearing." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) (citing *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir.1980), *cert. denied*, 451 U.S. 938 (1981)). Therefore, a movant is not entitled to relief, or even to a hearing, if the allegations, "when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Leonti*, 326 F.3d at 1116 (quoting *United States v. Blaylock*, 20 F.3d 1458, 1464 (9th Cir. 1994)). In accord with the above decisions, the Court finds Mr. Guizar has not presented sufficient grounds on which he is entitled to relief on his claims, and therefore, the Court denies his request for an evidentiary hearing.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner Rigoberto Alvarado Guizar's Motion Under 28 U.S.C. § 2255 to Vacate Sentence, **(Ct. Rec. 125)**, is **DENIED**;

2. Petitioner Rigoberto Alvarado Guizar's Request for an Evidentiary Hearing Pursuant to 28 U.S.C. § 2255, **(Ct. Rec. 133)**, is **DENIED**.

///
///
///
///

ORDER ~ 10

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to the Government and copy to Petitioner at:
        Rigoberto Alvarado-Guizar
        15430-085
        Federal Correction Institution
        3600 Guard Road
        Lompoc, CA 93436

**DATED** this ___18th___ day of October, 2005.

                S/ Edward F. Shea
                EDWARD F. SHEA
            United States District Judge

Q:\Criminal\2001\6013.Habeas.deny.wpd

ORDER ~ 11