UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>RIGOBERTO ALVARADO-GUIZAR,<br><br>                Defendant. | NO. CR-01-6013-EFS<br><br>**ORDER ON PETITION FOR WRIT OF ERROR *AUDITA QUERELA*** |

    Before the Court, without oral argument, is federal inmate Rigoberto Alvarado-Guizar's Petition for Writ of Error *Audita Querela* Title 28 U.S.C. § 1651 (ECF No. 144). This Court has denied Mr. Alvarado-Guizar's two previous 28 U.S.C. § 2255 habeus petitions (ECF Nos. 137 & 141).

    By his motion, which he styles as a "Petition for Writ of Error Audita Querela Title 28 U.S.C. § 1651," Mr. Alvarado-Guizar challenges his guilty-plea conviction and the 188-month sentence entered against him in 2002 for conspiracy to distribute, possession with intent to distribute, and aiding and abetting another in possessing with intent to distribute methamphetamine under 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(viii). Mr. Alvarado-Guizar contends that his sentence, while correct when rendered, is now unconstitutional in light of the Supreme Court's rulings in *Jones v. United States*, 526 U.S. 227 (1999); *Apprendi*

ORDER ~ 1

*v. New Jersey*, 120 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 2531 (2004); and *United States v. Booker*, 543 U.S. 220 (2005).[1]

A writ of *audita querela* is an ancient writ, long ago abolished in federal civil proceedings, *see* Fed. R. Civ. P. 60(b) advisory committee note, and has questionable relevance to criminal sentences. It only potentially survives in the federal criminal context under the Supreme Court's decision in *United States v. Morgan*, 346 U.S. 502 (1954), and the All Writs Act, 28 U.S.C. § 1651, to fill the gaps in the current system of post-conviction relief. *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001).

Notwithstanding his characterization of his pleading, Mr. Alvarado-Guizar's petition appears to be cognizable as one to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255 (allowing a federal prisoner to collaterally challenge a federal conviction or sentence). In essence, he argues that invoking the procedural barriers under § 2255(f) and (h) would raise serious constitutional questions by denying him a judicial forum to raise his claims. But a federal prisoner may not challenge a conviction or sentence by way of a petition for writ of *audita querela* if that challenge is cognizable under § 2255 – there is no "gap" in post-conviction relief to fill. *Id*. Nor may he "circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must

---

[1] Mr. Alvarado-Guizar also cites to *United States v. Fanfan*, 543 U.S. 220 (2005), which was decided in conjunction with *Booker*.

ORDER ~ 2

be filled by common law writs." *Id*. at 1080 (finding writ of *audita querela* unavailable because federal inmate's claims were cognizable in a § 2255 motion); *see also United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (holding "that a petition for writ of *audita querela* may not be granted when relief is cognizable under § 2255" and denying the petition as a successive § 2255 petition).  Here, if the Court were to allow Mr. Alvarado-Guizar to bring a petition for writ of *audita querela*, it would allow him, as explained below, to circumvent the one-year statute of limitations and the restriction against filing successive petitions, making those requirements meaningless.  Because his claims would have been cognizable in an initial timely § 2255 motion to vacate his conviction and sentence,[2] a writ of *audita querela* is not available to him.

If this Court were to restyle Mr. Alvarado-Guizar's petition as one pursuant to § 2255, it would be denied because Mr. Alvarado-Guizar has

---

[2] Mr. Alvarado-Guizar cites to *United States v. Salgado*, 692 F. Supp. 1265 (E.D. Wash. 1988), in which the court granted *audita querela* relief.  Not only is *Salgado* highly criticized, but it is also distinguishable from this case: *Salgado* concerned not a challenge to a prison sentence but rather the collateral (immigration) consequences of an old conviction.  The other case Mr. Alvarado-Guizar cites to, *United States v. Holder*, 741 F. Supp. 27 (D.P.R. 1990), is similarly distinguishable because it involved a challenge to an old conviction that prevented the petitioner from obtaining permanent resident status in the United States.

ORDER ~ 3

already filed two previous § 2255 motions. A second or successive petition under § 2255 may not be filed unless the petitioner first obtains an order authorizing this Court to consider the petition from the United States Court of Appeals for the Ninth Circuit. 28 U.S.C. §§ 2255, 2244(b)(3)(A). In order to obtain such an order from the Ninth Circuit, petitioner must show either:

> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(2). A review of Mr. Alvarado-Guizar's motion reveals that he has not met these requirements. He cites to no newly-discovered evidence which would entitle him to post-conviction relief. And it is well-settled that the Supreme Court's rulings in *Blakely* and *Booker* do not apply retroactively to cases in which the conviction was final as of the dates those cases were decided. *See United States v. Cruz*, 423 F.3d 1119, 1120-21 (9th Cir. 2005) (holding that *Booker* does not apply retroactively to convictions that are final before *Booker*'s publication); *Cook v. United States*, 386 F.3d 949, 905 (9th Cir. 2004) (denying authorization to file successive § 2255 motion under *Blakely* for the same reason). Indeed, this Court has already denied Mr. Alvarado-Guizar's previous request to file a successive motion under subsection (2) on those grounds. (ECF No. 137.) Mr. Alvarado-Guizar was sentenced on June 5, 2002, and the Judgment, was entered on June 6, 2002. (ECF Nos. 105 & 106). Mr. Alvarado-Guizar's conviction became final ten days after the

ORDER ~ 4

entry of the Judgment. Fed. R. App. P. 4(b)(1)(A)(i); *see United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001); 28 U.S.C. § 2244(d)(1). Because Mr. Guizar's conviction became final on a date prior to the Supreme Court's rulings *Blakely* (June 24, 2004) and *Booker* (January 12, 2005), these arguments fail.

But even assuming those cases involved a constitutional right recognized by the Supreme Court made retroactively applicable to cases on collateral review, Mr. Alvarado-Guizar's petition would not be timely. Section 2255 specifies that in order to bring such a suit, the petitioner must file suit within a year of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. Subsection (1) is not applicable as nearly eight years have passed between the date the judgment became final and the filing of this petition on July 26, 2010. Subsection (3) is also not applicable because, as set forth above, the cases to which Mr. Alvarado-Guizar cites are not retroactively applied.

Apparently realizing that § 2255 post-conviction relief would be unavailable to him, Mr. Alvarado-Guizar styled his petition as one for

ORDER ~ 5

writ of *audita querela*.  The Court finds relief under either writ is inappropriate.

For these reasons, **IT IS HEREBY ORDERED**:

1. Mr. Alvarado-Guizar's Petition for Writ of Error *Audita Querela* Title 28 U.S.C. § 1651 **(ECF No. 144)** is **DENIED.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide a copy to the Defendant:

> Rigoberto Alvarado-Guizar (15430-085)
> FCI Lompoc
> 3600 Guard Road
> Lompoc, CA 93436

**DATED** this   16th   day of November, 2010.

S/ Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Criminal\2001\6013.audita.querela.wpd

ORDER ~ 6